OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 9, 2002

The Honorable Bill Hill
Criminal District Attorney
Dallas County
133 North Industrial Boulevard
Dallas, Texas 75207-4399

Opinion No. JC-0524

Re: Whether a county commissioners court may deny or alter the budget request of the presiding judge of the administrative judicial region (RQ-0494-JC)

Dear Mr. Hill:

The district and statutory county courts of Texas are divided into nine administrative judicial regions, each of which is headed by a presiding judge and funded by the counties comprising the region. You ask whether a county commissioners court may deny or alter the budget request of the presiding judge of the administrative judicial region.[1] We conclude that a commissioners court is not authorized to deny or alter a presiding judge's budget request.

The Court Administration Act, chapter 74 of the Government Code, establishes the state's nine administrative judicial regions, see TEX. GOV'T CODE ANN. § 74.042 (Vernon Supp. 2002), each of which is headed by a presiding judge, who is appointed by the governor with the advice and consent of the senate, see id. § 74.005 (Vernon 1998); see also id. § 74.045 (qualifications for presiding judge). The presiding judge "may perform the acts necessary to carry out the provisions of this chapter and to improve the management of the court system and the administration of justice." Id. § 74.047. The duties of the presiding judge include "ensur[ing] the promulgation of regional rules of administration"; "advis[ing] local judges on case flow management and auxiliary court services"; implementing rules adopted by the Texas Supreme Court under chapter 74; providing statistical information to the Texas Supreme Court or the Office of Court Administration; and assigning visiting judges. See id. §§ 74.046, .056. The presiding judge is also required to call a yearly meeting of the district and statutory county courts in the administrative judicial region at which the judges consult regarding the state of the courts and adopt regional rules of administration. See id. § 74.048.

You ask about county funding for administrative judicial regions. The county in which a presiding judge resides is required to provide "[a]dequate quarters for the operation" of the administrative judicial region and for "the preservation of its records" in the county courthouse. See id. § 74.043(a). Other administrative judicial region expenses include the compensation of the

---

[1]Letter from Honorable Bill Hill, Criminal District Attorney, Dallas County, to Honorable John Cornyn, Texas Attorney General (Nov. 29, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

presiding judge, which is established under section 74.051, *see id.* § 74.051 (Vernon Supp. 2002), and the compensation of an administrative assistant, whom the presiding judge may "employ, directly or through a contract with another governmental entity," *id.* § 74.050(a) (Vernon 1998). "An administrative assistant is entitled to receive the compensation from the state provided by the General Appropriations Act, from county funds, or from any public or private grant." *Id.* § 74.050(e). Furthermore, an administrative assistant, with the approval of the presiding judge, may "purchase the necessary office equipment, stamps, stationery, and supplies and employ additional personnel." *Id.* § 74.050(d). Pursuant to sections 74.043 and 74.051, the counties of an administrative judicial region pay the presiding judge's compensation and the other "salaries, compensation, and expenses authorized and incurred to administer" chapter 74 not paid by state appropriations based on each county's share of the region's population. *See id.* §§ 74.043(b)-(c) (requiring counties to pay "salaries, compensation, and expenses authorized and incurred to administer" chapter 74 "in proportion to the population of the counties comprising the region"); .051(b), (d) (Vernon Supp. 2002) (compensation of presiding judge "apportioned to each county in the region according to the population of the counties comprising the region").

You ask whether a commissioners court has the discretion to deny or alter a budget request submitted to the county by a presiding judge. Your question arises from the following language in section 74.043.

> (b) Except for the salaries, compensation, and expenses provided by state appropriations, the counties composing the administrative region *shall pay, out of the general funds of the counties,* the salaries, compensation, and expenses authorized and incurred to administer this chapter, including expenses for the purchase of professional liability insurance policies for regional presiding judges.

> (c) *Except as provided by Section 74.051, the salaries, compensation, and expenses shall be paid through the county budget process of each county in the region* in proportion to the population of the counties comprising the region and on certificates of approval of the presiding judge.

*Id.* § 74.043(b), (c) (Vernon 1998) (emphasis added). In particular, you ask whether the language "paid through the county budget process of each county" in subsection (c) gives the commissioners court the authority to "modify or reject portions (or all) of a submitted budget." Request Letter, *supra* note 1, at 2.

We conclude that a commissioners court must pay its county's share of the administrative judicial region's "salaries, compensation, and expenses" and has no authority to reduce the county's share or to alter the administrative judicial region's budget. Subsection (b) of section 74.043 provides that the counties of a region "*shall pay*, out of the general funds of the counties, the salaries, compensation, and expenses authorized and incurred to administer this chapter." TEX. GOV'T CODE

ANN. § 74.043(b) (Vernon 1998) (emphasis added). Unless the context in which it appears necessarily requires a different construction, the word "'shall' imposes a duty." *Id.* § 311.016(2) (Code Construction Act). Section 74.043 does not require a different construction. Subsection (c) does not modify this duty but rather provides details. These details include the formula for determining each county's share ("in proportion to the population of the counties comprising the region") and that the monies shall be paid "on certificates of approval of the presiding judge." *Id.* § 74.043(c) (Vernon 1998). Similarly, the language in subsection (c) that each county's share "shall be paid through the county budget process," *id.*, recognizes and requires that each county must provide for its share of the administrative judicial region's salaries, compensation, and expenses in the county budget, because counties are limited to expending funds in accordance with their annual budgets. *See generally* TEX. LOC. GOV'T CODE ANN. ch. 111 (Vernon 1999 & Supp. 2002) (county budget process).

It has been suggested that the language in section 74.043(b) referring to the county budget process is significant because the same language does not appear in section 74.051(e), which requires counties to contribute to the compensation of the presiding judges. *See* Request Letter, *supra* note 1, at 2. However, section 74.051 supports our construction of section 74.043. Section 74.051(b), the general provision establishing the compensation for presiding judges, also includes language referring to the county budget process:

> Except as provided by Subsection (c), a presiding judge shall receive a salary not to exceed $23,000 a year. *The Texas Judicial Council shall set the salary* biennially and, in arriving at the amount of the salary, shall consider whether the presiding judge is active in administrative duties, performs part time, or is a retired judge. *The salary set by the Texas Judicial Council shall be apportioned to each county in the region according to the population of the counties comprising the region and shall be paid through the county budget process.*

TEX. GOV'T CODE ANN. § 74.051(b) (Vernon Supp. 2002) (emphasis added). Clearly, this provision authorizes the Judicial Council to set the salary of a presiding judge. The salary is apportioned between the counties in the region and each county must pay its share according to the formula. The phrase "shall be paid through the county budget process" does not give the commissioners court any authority to refuse to pay its share or to alter the presiding judge's salary.

You also note that section 74.043(c) provides that counties must pay a region's salaries, compensation and expenses "[e]xcept as provided by section 74.051." *Id.* § 74.043(c) (Vernon 1998). Again, section 74.051 establishes and provides for payment of the presiding judge's compensation. Section 74.051 is an exception to section 74.043(c) because under section 74.043(c) monies are paid by counties "on certificates of approval of the presiding judge," whereas under section 74.051 certificates of approval are not required. Rather, under section 74.051 the presiding judge's salary is paid by counties to the presiding judge who "shall place each county's payment of

salary and other expenses in an administrative fund." *Id.* § 74.051(e) (Vernon Supp. 2002).  The reference to section 74.051 in section 74.043(c) is not relevant to the counties' duty to pay for their share of a region's budget.

## S U M M A R Y

Under section 74.043 of the Government Code, a county commissioners court must pay its county's share of an administrative judicial region's "salaries, compensation, and expenses" and has no authority to reduce the county's share or to alter the administrative judicial region's budget.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee